IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALVIN C. THOMPSON,
    Plaintiff,

vs.                                                    Case No.: 3:11cv533/RV/EMT

R. QUINN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon Defendants Byrd and Tifft's motion to dismiss for Plaintiff's abuse of the judicial process by failing to completely disclose his federal case history (doc. 48). In response, Plaintiff filed a "Motion for Leave of Court to Amend Complaint and Dismiss Defendants' Motion to Dismiss" (doc. 53).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, the undersigned concludes Defendants' motion should be denied.

I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding pro se and in forma pauperis, commenced this action on or about November 4, 2011, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Now pending is Plaintiff's amended complaint against three Defendants, Warden Tifft, Sergeant Quinn, and Lieutenant Byrd, claiming a violation of his Eighth Amendment rights (doc. 21). The court directed service of the process upon Defendants (doc. 36). Defendants Tifft and Byrd were served (*see* docs. 38, 45). The United States Marshals Service is still attempting to effect service of process upon Defendant Quinn (*see* docs. 39, 41, 54).

On October 22, 2012, Defendants Tifft and Byrd filed a joint motion to dismiss under Rules 12(b) and 41(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(i), arguing Plaintiff abused the judicial process by failing to completely disclose his federal litigation history (doc. 48). Defendants request dismissal without prejudice (*id.*). Plaintiff responded in opposition to the motion, arguing he did not intend to deceive the court in disclosing his litigation history (doc. 53). He additionally seeks leave of court to amend his amended complaint to clarify his litigation history and correct a factual error on an exhibit he submitted with his amended complaint (*id.*). Defendants oppose the amendment (doc. 56).

II.     ANALYSIS

   A.     <u>Legal Standards</u>

The federal statutes governing proceedings in forma pauperis provides, in relevant part, that the court shall dismiss a case at any time if the court determines that the action is malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A prisoner plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff was under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *See* <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, <u>Harris v. Ci</u>, No. 11-14690, 2012 WL 5907451, at *1–2 (11th Cir. Nov. 27, 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); <u>Jackson v. Fla. Dep't of Corr.</u>, No. 11-16047, 2012 WL 4711583, at *2 (11th Cir. Oct. 4, 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); <u>Redmon v. Lake Cnty. Sheriff's Office</u>, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented,

under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or condition of imprisonment); Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all of information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to Florida Department of Corrections rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).[1]

In general, a dismissal without prejudice does not amount to abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See* Kotzen v. Levine, 678 F.2d 140, 140 (11th Cir. 1982).

    B.    <u>Application of the Law to the Facts of this Case</u>

Defendants request that the court take judicial notice of facts concerning a case Plaintiff previously filed in the United States District Court for the Southern District of Florida, Case No. 10-200-76-Civ, which was subsequently transferred to the Northern District and assigned Case No.

---

[1] The undersigned cites unpublished Eleventh Circuit cases only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.: 3:11cv533/RV/EMT

3:10cv74/MCR/CJK (doc. 48 at 3–4).[2]  Plaintiff initiated that case in January of 2010, alleging Sergeant Quinn and Lieutenant Byrd violated his constitutional rights on October 1, 2009, by using chemical agents on him and charging him with a disciplinary infraction.  *See* Thompson v. Quinn, No. 3:10cv74/MCR/CJK, Amended Complaint (N.D. Fla. Apr. 30, 2010).  On October 20, 2011, United States Magistrate Judge Kahn issued a Report and Recommendation recommending that defendants' motion to dismiss be granted and the case dismissed as malicious for Plaintiff's abuse of the judicial process, based upon his providing false information regarding his state and federal litigation history.  *See id.*, Report and Recommendation (N.D. Fla. Oct. 20, 2011).  Only twelve (12) days later, on November 2, 2011, Plaintiff filed the initial complaint in the instant case, naming Sergeant Quinn, Lieutenant Byrd, and Warden Tifft as Defendants, and alleging his constitutional rights were violated on October 1, 2009, when (1)Warden Tifft ordered Sergeant Quinn to spray Plaintiff with chemical agents for no reason, (2) Sergeant Quinn and Lieutenant Byrd made a "deal" with Plaintiff that they would spray him only once instead of thee times if he would strip naked and kick his cell door to create the appearance that the use of force was justified, and (3) Sergeant Quinn then wrote a "bogus" disciplinary report charging Plaintiff with creating a disturbance to cover up the unjustified use of force  (doc. 1).  Plaintiff did not disclose Case No. 3:10cv74/MCR/CJK in Section IV of the complaint form, which requires him to disclose his state and federal litigation history (*id.* at 3–8).  At the end of Section IV, he stated, "If there are anymore cases outside of the ones listed I am not consciously aware of it/them" (*id.* at 8).  Plaintiff signed the complaint declaring under penalty of perjury that the statements of fact included therein were true and correct (*id.* at 15). Plaintiff attached to the complaint a copy of Magistrate Judge Kahn's Report and Recommendation issued in Case No. 3:10cv74/MCR/EMT (*id.* at 59–68).

---

[2] The court may take judicial notice of readily verified facts.  *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

Case No.: 3:11cv533/RV/EMT

On November 23, 2011, Chief United States District Judge Rodgers adopted Magistrate Judge Kahn's Report and Recommendation and dismissed Case No. 3:10cv74/MCR/CJK as malicious for Plaintiff's abuse of the judicial process. *See* Thompson v. Quinn, No. 3:10cv74/MCR/CJK, Order (N.D. Fla. Nov. 23, 2011). Plaintiff then filed a motion to amend the complaint in the instant case to add information to Section IV, Question B of the complaint form, which asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (doc. 13). The undersigned granted the motion to amend (doc. 14), and on March 29, 2012, Plaintiff filed an amended complaint disclosing Case No. 3:10cv74/MCR/CJK in Section IV, Question B of the complaint form (doc. 21). Plaintiff stated the reason for dismissal of that case was "to make proper corrections" (*id.* at 3). He also disclosed the case under Question C, which asks whether he had ever initiated other actions (besides those listed in Questions A and B) in state or federal court that related to the conditions of his confinement (*id.* at 4, 8). He did not disclose Case No. 3:10cv74/MCR/CJK in Section IV, Question D, which asks whether he ever had any actions in federal court dismissed as malicious (*id.* at 4). Plaintiff again signed the complaint declaring under penalty of perjury that the statements of fact included therein were true and correct (*id.* at 16).

Defendants contend Plaintiff deliberately deceived the court by (1) failing to disclose Case No. 3:10cv74/MCR/CJK in his initial complaint, (2) failing to disclose it in his amended complaint as a case dismissed as frivolous, malicious, failing to sate a claim, or prior to service, and (3) mischaracterizing the reason for dismissal of that case (doc. 48 at 4–9). They argue such conduct constitutes an abuse of the judicial process, which warrants dismissal of this action without prejudice (*id.*).

Defendants are correct that Plaintiff did not list Case No. 3:10cv74/MCR/CJK in Section IV of his initial complaint. However, he did attach a copy of the Report and Recommendation issued in that case to his complaint. Thus, although he should have listed the case on the complaint form, his submitting a copy of the Report and Recommendation sufficiently alerted the court to its existence.

Additionally, in Plaintiff's amended complaint, filed only five (5) months after Case No. 3:10cv74/MCR/CJK had been dismissed, he failed to disclose that Case No. 3:10cv74/MCR/CJK

had been dismissed as malicious (*see* doc. 21 at 3, 4, 8). He disclosed that the case dealt with the same or similar facts and issues involved in the instant case (*id.* at 3), and he disclosed that it had been dismissed (*id.* at 3, 8), but he described the reason for dismissal as "to make proper corrections" and indicated that the case was "refiled" (*id.*). It was not until after Defendants filed the instant motion to dismiss that Plaintiff sought to amend his amended complaint to state that the reason for dismissal of Case No. 3:10cv74/MCR/CJK was "Malicious, Malicious, Malicious!!!!!" (doc. 53, attached proposed second amended complaint).

The undersigned concludes that even though Plaintiff walked a thin line of candor when he failed to disclose that the previous case was dismissed as malicious, he disclosed the existence of the case in both his initial and amended complaints, and he disclosed it in a manner that is sufficient to avoid dismissal of the instant case for abuse of the judicial process.[3] Therefore, Defendants Tifft and Byrd's motion to dismiss will be denied.

The remaining issue is whether Plaintiff's motion to amend his amended complaint should be granted. In <u>Foman v. Davis</u>, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court set forth the standard for this court's grant or denial of a party's motion to amend:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

---

[3] Hopefully, Plaintiff now clearly understands the importance of providing accurate factual statements in his complaint, especially when he declares under penalty of perjury that the information he is providing is true and correct. Even if Plaintiff downplayed the reason for dismissal of Case No. 3:10cv74/MCR/CJK in his own mind, he knew it was dismissed as malicious, and he knew that disclosing the reason for dismissal was a fact deemed important to the court, else the complaint form would not request it. If Plaintiff disregards the seriousness of providing accurate information in future pleadings filed in any federal court, he risks obtaining a third "strike," which would preclude him from proceeding in forma pauperis in federal court absent certain circumstances. *See* 28 U.S.C. § 1915(g).

371 U.S. at 182.

Defendants oppose the motion to amend, on the ground that permitting Plaintiff to amend his complaint to "fix" his dishonest responses without any sanction would undermine the administration of justice (doc. 56). However, the court's conclusion that a sanction is not warranted in this case nullifies Defendants' basis for opposing the amendment. Therefore, Plaintiff's motion to amend will be granted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendants Tifft and Byrd's motion to dismiss (doc. 48) be **DENIED**.

2. That Plaintiff's motion to amend (doc. 53) be **GRANTED** and the clerk be directed to docket the proposed amended complaint (attached to the motion to amend) as Plaintiff's Second Amended Complaint.

3. That the stay of discovery (*see* doc. 57) be **LIFTED**.

At Pensacola, Florida this 4th day of December 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *Se*e **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**