UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALVIN C. THOMPSON,

    **Plaintiff,**

v.                                                    Case No.: 3:11cv533/RV/EMT

R. QUINN, et. al,

    **Defendants.**

_____/

## DEFENDANTS' OBJECTION TO THE REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Quinn, Byrd, and Tifft (hereinafter "the Defendants"), through counsel and pursuant to Rule 72(b)(2) Federal Rules of Civil Procedure, respectfully object in part to the findings of the Defendants' motion for summary judgment Report and Recommendation (Doc. 89)[1] as follows:

### Preliminary Statement

The Defendants object to two findings within the Report and Recommendation ("R&R"), specifically, that (1) a statement allegedly uttered by Defendant Quinn regarding the warden's alleged statement was *not* inadmissable hearsay within hearsay (Doc. 89 at 13-

---

[1] Defendants do not object to the recommendation for dismissal of the official capacities and state law claims. (Doc. 89 at 21.) They also do not object to the finding that Plaintiff may, at most, recover monetary damages in the form of nominal damages (Doc. 89 at 19), which normally do not exceed $1.00. See Baker v. Liadacker, No. 3:08cv295/RV/EMT, 2008 WL 4346789, at *1, *2 (N.D.Fla. Sept. 18, 2008) (unpublished op.) (stating that "nominal damages ordinarily do not exceed $1.00" and citing Carey v. Piphus, 435 U.S. 247, 267, 98 S. Ct. 1042 (1978)).

1

14); and (2) the record shows a dispute regarding whether Defendant Byrd 'coached' Plaintiff to kick on his cell door (Doc. 89 at 16-17).

**Statement of Pertinent Facts**

1.  In this action, Plaintiff alleges that on October 1, 2009, Defendant Quinn stated, "he didn't know what was going on, but was told by the Warden to chemically spray him . . ." (Doc. 64 at 10.)

2.  This alleged utterance is the only evidence in this action that connects Defendant Tifft (Warden) to the Plaintiff's claims. The use of force in question was approved by the duty warden, followed by the assistant warden approving the use of force report. (Doc. 73-5 at 4-6, 10 (Ex. 1, pp. 3-5, 9).)

3.  Plaintiff alleges that he was 'coached' to kick on his cell door by Defendant Byrd. (Doc. 64 at 10.) Specifically, Plaintiff alleges that Byrd told him that "if" he kicks on the cell door when the camera is present, chemical agents would only be used "(1) time." (Id.) Plaintiff, as well as his inmate witnesses, also allege that both Byrd and Quinn 'coached' Plaintiff at his cell door together. (Doc. 53-1 at 20, 23, 25, 27; Doc. 73-2 at 2-5.)

4.  The handheld video camera shows that Plaintiff was kicking on his cell door, chemical agents were used, and Plaintiff then continues to kick on his cell door. (Doc. 78 (Ex. K at 7:25 - 7:30 pm).) The fixed video camera shows that Byrd and Quinn were never in front of the Plaintiff's cell door at the same time. (Id. (Def. Ex. F, #1 at 15:17 - 19:26 hours).)

5.  After being provided with due process, Plaintiff was found guilty of a

disciplinary report for creating, participating in, or inciting a minor disturbance for his actions of kicking on his cell door and yelling obscenities on October 1, 2009. (Doc. 74-4 at 7 (Ex. 1, p. 1.).)

## MEMORANDUM OF LAW AND ARGUMENT

**I.   Warden's Alleged Statement.**

In the motion for summary judgment, the Defendants argued that Defendant Quinn's statement regarding the warden's alleged statement was inadmissible hearsay. (Doc. 73 at 11-13.) In the R&R, Magistrate Judge Timothy found that Quinn's alleged statement was "not inadmissible 'hearsay within hearsay,'" but instead both Quinn's personal statement and his statement about the warden's alleged statement were admissions by party opponents under Federal Rules of Evidence 801(d)(2)(A). (Doc. 89 at 13-14.) However, this finding is erroneous.

In this circumstance, Plaintiff alleges that two statements were uttered. First, he alleges that the warden, presumably Defendant Tifft, told Quinn to spray Plaintiff with chemical agents. (Doc. 64 at 10.) Then, he alleges that Quinn told Plaintiff he did not know what was going on, but was instructed to spray him with chemical agents. (Id.) Both alleged statements are hearsay within hearsay, but there is a hearsay exception for only one of the two levels of hearsay.

If a fact cannot be presented in a form that would be admissible in evidence, it cannot be used for purposes of summary judgment. Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999); see Rule 56(c), Fed. R. Civ. P. "'Hearsay' [is] a statement that: (1) the declarant

3

does not make while testifying at the current trial or hearing; and (2) [is offered] in evidence to prove the truth of the matter asserted in the statement." Rule 801(c), Fed. R. Evid. "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Rule 805, Fed. R. Evid.; see King v. Auto, Truck, Indus. Parts and Supply, Inc., 21 F. Supp. 2d 1370, 1381 n. 9 (N.D.Fla. 1998) (described as "double hearsay"). Under Federal Rule of Evidence 801(d)(2)(A), a statement is not hearsay if the statement is offered against an opposing party and "was made by the party in an individual or representative capacity." "[A] representative capacity" means "an administrator, executor, trustee, or guardian" with regard to representative affairs. 30B Michael H. Graham, Federal Practice and Procedure § 7018 (interim ed. 2011). When there is a personal admission by a defendant in a civil case involving multiple defendants, there is a limitation on the admissibility of non-personal statements by a co-defendant. Delker v. Blaker, No. 09-710, 2012 WL 726415, at *4-5 (W.D.Pa. Mar. 1, 2012) (unpublished op); Padron Warehouse Corp. v. The Realty Assoc. Fund III, L.P, 377 F. Supp. 2d 1259, 1267-68 (S.D.Fla. 2005); see Rule 105, Fed. R. Evid.

  Here, there are two levels of hearsay. The question is whether each level has an applicable exception to the hearsay rule. The Defendants do not dispute whether the first level (Quinn's statement regarding himself) is excluded from the hearsay rule as an admission by a party opponent because it was uttered directly to the witness, the Plaintiff. However, the second level (the warden's alleged statement) does not qualify as an admission by a party opponent under subsection (A). First, Quinn is not acting in a representative

4

capacity for the warden. While an incorrect understanding of this phrase may indicate that a sergeant represents the warden, this phrase mean a person that acts on behalf of another in representative affairs, similar to an attorney who represents their client. Quinn is not the warden's "administrator, executor, trustee, or guardian."

Second, the alleged statement by the warden would not qualify as an individual admission by the warden to the witness, the Plaintiff. It was not uttered in the Plaintiff's presence, but consists of an alleged second level utterance. In Delker, a civil action, there were two levels of statements allegedly uttered. Delker, 2012 WL 726415, at *5. First, Grainey (a defendant) allegedly told King (a defendant) to "take care of business." Id. Then, King conveyed Gainey's statement to the witness and stated he "knew what he was told to do." Id. The Court found that King's statement regarding himself qualified as an admission by a party opponent under Rule 801(d)(2)(A). Delker, 2012 WL 726415, at *5. However, the statement was inadmissible against Gainey under subsection (A) and could only be admitted under another exception to the hearsay rule. Id. In that circumstance, the Delker court provided, as an example, the co-conspirator's exception under Rule 801(d)(2)(E). Id. Ultimately, the Delker court found that the second level statement allegedly uttered by Gainey to King was inadmissible against Gainey. Id. Similarly, in Padron Warehouse Corp., Mr. Padron (a defendant) uttered a statement about what was conveyed to him by another defendant (The Realty Associates Fund III or "Realty") to the witness. Padron Warehouse Corp., 377 F. Supp. 2d at 1261, 1267-68. Realty's statement to Mr. Padron was inadmissable against Realty because there was no applicable hearsay exception for the second level of

hearsay.  Padron Warehouse Corp., 377 F. Supp. 2d at 1267-68.

Accordingly, the individual statement of Quinn's to Plaintiff has an applicable exception.  However, the second level "warden" statement has no applicable exception because the only applicable exception would be the co-conspirator's exception under subsection (E).  Yet, as stated in the motion for summary judgment (Doc. 73 at 12), there needs to be additional independent evidence of a conspiracy for this exception to be applicable.  O'Bryant v. Langford, No. 5:05cv131/RS/EMT, 2008 WL 2079007, at *1 (N.D.Fla. May 14, 2008) (unpublished op.) (citing United States v. McDonald, 935 F.2d 1212, 1220 & n. 23 (11th Cir.1991)); see Kornagay v. Burt, No. 3:09cv281/LAC/EMT, 2011 WL 839496, at *19-20 (N.D.Fla. Feb. 8, 2011) (unreported op.) (pursuant to the intracorporate conspiracy doctrine, two Department of Corrections' employees cannot be implicated in a conspiracy merely as both being employees of the Department) (citing McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc)).  As such, the alleged statement against Tifft is admissible against him and he is subject to dismissal.

II.     **Plaintiff's Motive for Kicking on the Door.**

In the motion for summary judgment, the Defendants showed that the Plaintiff was acting of his own accord when he chose to cause a disturbance, which ultimately resulted in the use of chemical agents.  However, the R&R found that, based on his unwavering allegations and those of one of his inmate witnesses, there is a dispute as to if Plaintiff was "coached" to kick on his cell door by Defendant Byrd. (Doc. 89 at 14-17.)  Yet, this finding

6

is not supported by the video evidence.

If "two parties tell different stories [where one] is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007). Plaintiff first introduced the 'coaching' argument in his complaint. (Doc. 64 at 10 (second amended complaint).) Then, he provided an additional detail to the argument in the form of including Defendant Quinn's presence with Byrd during the alleged 'coaching'. (Doc. 53-1 at 20, 23, 25, 27 (declarations attached as exhibits to the proposed second amended complaint).)[2] Further, during his deposition, Plaintiff was repeatedly questioned about whether both Quinn and Byrd were definitely at his door together. (Doc. 73-2 at 2-5.) During the exchanges at the deposition, Plaintiff did not *waiver* from his allegation that both Quinn and Byrd were present *simultaneously* when he was 'coached'. (Id.) Nevertheless, through the fixed wing video, the Defendants absolutely refuted this allegation via actual video evidence that Quinn and Byrd were *not* at Plaintiff's door simultaneous. (See Doc. 89 at 14-16.) As such, even through Plaintiff did not *waiver* about the allegations that he was coached *and* that both Quinn and Byrd were present during the alleged 'coaching', video evidence showed that, at least, one of his unwavering allegations is *false*.

Similarly, the Defendants showed via the handheld video that Plaintiff's action of

---

[2] The Defendants acknowledge that one inmate witness, Jerome Lockhart, did not specify whether or not Quinn was present with Byrd. (Doc. 53-1 at 21-22.)

7

being disruptive was also voluntary. In this circumstance, Plaintiff alleges that, as a result of the 'coaching', the 'deal' with Byrd was that if Plaintiff kicks on the door, he will be sprayed *once*. As such, after he was sprayed once, according to the alleged 'deal', there was no purpose for Plaintiff to further kick on the cell door. Nevertheless, *after* the chemical agents were applied and *after* Plaintiff had enough time to think about it, the video shows that Plaintiff *once again* kicked on the door. (Doc. 78 (Ex. K at 7:30 pm); see Doc. 89 at 8 (R&R acknowledging that Plaintiff still kicked on the cell door after chemical agents were used).) If his 'coaching' allegation is believed, after the chemical agents were applied, he did not have *any* reason to kick on the cell door, *but he did.* Such actions do not correlate with Plaintiff's story that he was 'coached' because they ***do not logically*** *fit with the video evidence.* Cuesta v. School Bd. of Miami-Dade County, Fla., 285 F.3d 962, 970 (11th Cir. 2002) (stating that, for summary judgment, reasonable inferences, not "implausible" inferences, are made in the non-movant's favor, citing Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 743 (11th Cir. 1996), and quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 592-94, 106 S. Ct. 1348 (1986)).

Also, the fact that Plaintiff was administratively found guilty of his behavior that resulted in the necessary use of chemical agents further disputes Plaintiff's 'coaching' allegation. O'Bryant v. Finch, 637 F.3d 1207, 1215-16 (11th Cir. 2011). As such, based on a totality of the circumstances, this 'coaching' allegation is clearly disputed by the record and cannot provide an avenue for Plaintiff to survive summary judgment *merely* because he has not "wavered" from it. Scott, 550 U.S. at 380.

8

## CONCLUSION

**Wherefore**, based on the foregoing, the Defendants respectfully request the Court to grant Defendants' Motion for Summary Judgment (Doc. 73) in the entirety and disapprove the Report and Recommendation in part regarding the finding about the 'warden' hearsay statement and the Plaintiff's motive for kicking on his cell door.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Marcus O. Graper
**MARCUS O. GRAPER**
**Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing *Defendants' Objection to the Report and Recommendation Regarding Defendants' Motion for Summary Judgment* has been furnished by U.S. Mail to inmate *pro se* **Alvin C. Thompson, DC#111972**, Santa Rosa Correctional Institution, 5850 East Milton Road, Milton, Florida 32583, on the 14th day of May, 2013.

/s/ Marcus O. Graper
MARCUS O. GRAPER