IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALVIN C. THOMPSON,
     Plaintiff,

vs.                                              Case No.: 3:11cv533/RV/EMT

SGT. R. QUINN, et al.,
     Defendants.
_____/

**O R D E R**

        This cause filed pursuant to 42 U.S.C. § 1983 is before the undersigned following the district court's granting in part and denying in part Defendants' motion for summary judgment.

        The parties are now directed to address the following pre-trial matters:

        1.     While the parties have an absolute right to trial by jury, they are reminded that this case may also be heard by a judge sitting as trier of fact.  The parties are advised that a judge trial may generally proceed in a less costly and more timely fashion.  For these reasons, if the parties wish to waive their right to a trial by jury, they may do so by communicating their waivers to the court.

        2.     The parties are also reminded that, in accordance with 28 U.S.C. § 636(c), they may voluntarily consent to the referral of the case to the United States Magistrate Judge for a jury or non-jury trial and for ordering entry of a final judgment.  The parties are, of course, entirely free to withhold such consent without any adverse consequences.  The clerk shall be directed to forward to counsel for Defendants the form for consenting to trial before a magistrate judge.  If Defendants consent to magistrate jurisdiction, they shall sign the form and forward it to Plaintiff.  If Plaintiff also consents, he shall sign the consent form and return it to the clerk of court.  The form shall be filed **only** if **all** parties have consented and signed the form.  **If any party elects not to consent, the form should not be returned to the court.**

3. Plaintiff and Defendants shall each be required to file certain pre-trial information, including a narrative written statement, a list of exhibits, and a list of witnesses with a summary of their expected trial testimony, as set forth in detail below.

Accordingly, it is **ORDERED**:

1. If the parties wish to waive their right to a jury trial, they shall communicate their waivers to the court on or before **AUGUST 9, 2013.**

2. The clerk shall forward to counsel for Defendants a form for consenting to trial by a magistrate judge.  If Defendants consent to magistrate jurisdiction, they shall sign the form and forward it to Plaintiff.  If Plaintiff also consents, he shall sign the consent form and return it to the clerk of court.

3. On or before **AUGUST 9, 2013**, and bearing in mind the directives in this order, Plaintiff shall file with the court and serve upon Defendants the following:

   a. A written narrative statement of the facts that will be presented on his behalf through oral or documentary evidence at trial;

   b. A list of the exhibits he will offer into evidence at trial;

   c. A list of the full names and addresses of all the witnesses whom Plaintiff intends to call and a succinct summary of the expected testimony of each of those witnesses.

   d. Plaintiff shall indicate which witnesses, if any, are inmates.  The court may, upon request by Plaintiff and the exercise of its discretion, issue writs ad testificandum in a case of this nature to procure the presence of inmate witnesses at trial.  The court has no authority, however, to allocate funds to pay unincarcerated witnesses whose attendance at trial is procured by subpoena.  Accordingly, the court will not issue subpoenas for such witnesses unless Plaintiff first demonstrates his ability to pay the witness' travel expenses (the current mileage rate is at 56.5 cents each way) plus the daily witness fee of $40.00.

   e. Plaintiff shall serve upon counsel for Defendants a complete copy of all the information required by 3(a)-(d), above.  He shall also include in the original document filed with the clerk a certificate stating the date a true and correct copy was mailed to Defendants' counsel.

4. On or before **AUGUST 23, 2013**, Defendants shall serve upon Plaintiff and file with the court the following:

        a.    A written narrative statement of the facts that will be presented on their behalf through oral or documentary evidence at trial;

        b.    A list of the exhibits they will offer into evidence at trial;

        c.    A list of the full names and addresses of all the witnesses whom Defendants intend to call and a succinct summary of the expected testimony of each of those witnesses.

5.    Failure of the parties to disclose fully in the pre-trial materials required herein the substance of the evidence to be offered at trial will result in the exclusion of that evidence at trial. The only exceptions will be (1) matters which the court determines were not discoverable at the time; (2) privileged matters; and (3) matters to be used solely for impeachment purposes.

**DONE AND ORDERED** this 26th day of June 2013.

        */s/ Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**